the common hallways and elevator of an apartment building are part of a person's "own abode" as that term is used in section 24—1(a)(4) (Ill. Rev. Stat. 1973, ch. 38, § 24—1(a)(4)). In addition, in none of these cases did the defendant approach a police officer, hand him the weapon and voluntarily surrender it as Mrs. Wilson did. In those cases the arresting police officer observed the gun sticking out of the defendant's pocket or tucked inside his belt and then placed the defendant under arrest.

This case should be reversed and remanded so that Mrs. Wilson has the opportunity to present fully her defense of necessity in a trial in which she is represented by counsel whose efforts are concentrated solely on her defense undiverted by the simultaneous defense of her husband and the court has the opportunity to decide whether the State's evidence proves Mrs. Wilson guilty beyond a reasonable doubt as to the issue of necessity.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE E. FIELDS (Impleaded), Defendant-Appellant.

(No. 60555;

First District (1st Division)—June 16, 1975.

PER CURIAM.

Paul Bradley and Rebecca J. Davidson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and Linda A. Miller, Assistant State's Attorneys, of counsel), for the People.